On Application for Rehearing
PER CURIAM.
The decree rendered by us in this case is assailed by James Floyd, plaintiff-appel-lee, as being erroneous in two respects, to-wit:
1. In decreeing plaintiff, Cook, to be the owner of the West One-Half of the Southeast One Quarter of Northwest Quarter (W y2 SE % of NW V4) Section 3, “when, (as he says) the defendantTappel-lant (Cook) had not even set up a title or claim to this property.”
It is counsel themselves who have fallen into error, patent on the face of the record. In Cook’s answer to the jactitation suit, paragraph 2, he specifically alleges that he is the owner and in possession of the entirety of the Southeast Quarter of the Northwest Quarter (SE of NW- J4) of Section 3, which, of course, includes the West One-Half of the Southeast Quarter of the Northwest Quarter (W of SE of NW J4), and he prays explicitly to be recognized as owner and be sent into possession of , this whole forty. He so contends in this 'Court.
It is true that Cook apparently had doubt of his ownership of that part of the Southeast Quarter of the Northwest Quarter (SE of NW J4) Section 3, north of the road. But this doubt evidently arose from a misinterpretation of the description in the deed from Carter to Welch,, .which, is at length discussed in the opinion; and. this erroneous interpretation has led to other errors and complications in descriptions disclosed by the record in this case.
 Neither doubts of the efficacy of his deed' to land, nor verbal declarations expressing such doubt, by the true owner, is sufficient to divest such owner of title-, if .he has paramount title to the subject *371 land. Questions of title vel non almost invariably are determined by the public records and other pertinent written evidence.
2.In not sustaining the plea of prescription of ten years as to that part of the land in controversy in the Northwest Quarter of the Northeast Quarter (NW 14 of NE %) Section -3, which' lies between the Natchitoches-Robeline Road and the Ft. Jesup-Grand-Ecore Road.
The reasons for our ruling on this plea are fully set forth in the opinion. We will, however, repeat that in our , opinion none of the descriptions in the deeds relied upon by Floyd, conveyed land below the Ft. Jesup-Grand-Ecore Highway; nor do we ■believe such deeds intended to make such conveyance.
Sustaining of the motion to supplement the record and considering, as h part thereof, the certified photographic copy of the deed from' Carter to Welch, is vigorously attacked in the application for rehearing. The document was admitted by the trial judge in the present case over the objection of Floyd’s attorney, notwithstanding the instrument is specifically alleged upon in his replication to Cook’s answer, whereby the jactitation suit was converted into a petitory action. In addition to the foregoing, there is in the record stipulations to the effect that the evidence taken on trial of the plea of prescription tendered in suit No. 25754 on the docket of the Lower Court (No. 7550 here), referred to in the original opinion herein, should be used in the present case and be a. part of the record making it up. In said suit No. 25754, the deed from Carter to Welch, as we recall, was introduced by Floyd in support of his plea of prescription. This, we take it, put Floyd in the position of having introduced such instrument in evidence in the present case also. If we are in error in this belief, it is immaterial to the ultimate result because the embattled deed from Carter to Welch is a part of and serves an important link in the two chains of title, and our ruling on the motion simply put it physically in its proper place in the record, to be given such weight and influence as it justly deserves.
The application for rehearing is denied.